**No. 40219.**—Protest 930709–G of Hayes Fowle Co. (Boston).

CLINE, Judge: This is a suit against the United States, arising at the port of Boston by protest against the collector's assessment of additional duty at the rate of 10 percent ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked when imported.

When the case was called for trial counsel for the plaintiff offered a sample as representative of the goods in the shipment, which was received and marked "Exhibit 1;" it was stipulated that the words "Made in Italy" thereon were placed on the package after importation under the direction of the customs authorities. The exhibit contains macaroni, the covering thereof being two sheets of paper, one blue and the other pink. There is a label securely attached to the outside paper covering bearing a trade mark which, among other things, contains the name of the manufacturer together with the address "Termini Imeresce," under which appears the word "Sicily." The invoice shows that the merchandise was shipped from Palermo, which is a city on the island of Sicily, shown in the New International Encyclopaedia to be "The largest island in the Mediterranean Sea, forming part of the Kingdom of Italy. It is southwest of the Italian Peninsula, from which it is separated by the narrow Strait of Messina."

Notations in red ink on the invoice indicate that the decision holding that the word "Sicily" was not a sufficient marking was based on T. D. 46978, which is an amendment of article 509 (b) of the Customs Regulations of 1931 reading as follows:

(b) The marking required by section 304 shall include the name of the country of origin. The name of a subdivision such as a kingdom, principality, State, or province, or of a city, within the country of origin is not alone sufficient. The term "country" as used in section 304 is held to mean the political entity known as a nation: *Provided,* That the Department will designate the marking considered sufficient to indicate the country of origin in those cases where the name of the country is of such length that to require such name would result in indistinct marking or no marking. However, colonies, possessions, or protectorates outside the boundaries of a mother country shall be considered separate countries.

Prior to the amendment of the regulations the Commissioner of Customs held that "Sicily" was an acceptable marking. An abstract of such decision is published in T. D. 45691–6.

Counsel for the plaintiff contends in his brief that the Secretary of the Treasury exceeded his authority in requiring that the marking in accordance with section 304 "shall include the name of the country of origin", citing *P. Lorillard & Co., Inc.* v. *United States,* 24 C. C. P. A. 90, T. D. 48412, wherein the court called attention to the fact that section 304 (a) provides that imported merchandise shall be marked so as to "indicate" the country of origin and does not specify that the "name" of the country shall be used.

Counsel for the defendant relies also on the case of *P. Lorillard & Co., Inc.* v. *United States,* cited by the plaintiff. In that case the court held that the word "Samos" marked on bales of tobacco was not sufficient to indicate that the goods originated in Greece, although Samos is an island near the coast of Greece and is

owned by that country. The defendant cites also *Murbas Trading Co.* v. *United States*, T. D. 48089, holding that the legend "Product of St. Vincent" was not sufficient to indicate "British West Indies" as the country of origin, St. Vincent being an island in the British West Indies; *Mitsui & Co.* v. *United States*, Abstract 36531, holding that the words "Product of Burma." were not sufficient to indicate that the goods originated in British India; *John H. Kazanjian* v. *United States*, Abstract 36804, holding that the words "Made in Constantinople" were not sufficient to indicate that Turkey was the country of origin; *Peck & Peck, Inc.* v. *United States*, Abstract 36751, holding that the legend "Made in Vienna" was not sufficient to show that Austria was the country of origin.

An inspection of Exhibit 1 indicates that the macaroni is incapable of being marked, and that, although it is covered by two thicknesses of paper, the outer or pink paper is the immediate container, as the two sheets are used together to protect the macaroni.

In the case of *Givaudan Delawanna, Inc.* v. *United States*, 22 C. C. P. A. 115, T. D. 47104, the court held that if neither the imported article nor the immediate container thereof is legally marked when imported, the merchandise is subject to the additional duty under section 304 (b). Therefore the issue in this case rests on whether or not the immediate containers of the macaroni were legally marked by the word "Sicily" printed in the trade-mark appearing on the labels attached to the paper-covered packages.

The issue in this case is identical with that in *P. Lorillard & Co., Inc.* v. *United States*, *supra*, in which case the court said:

It is our view that the importer of merchandise, upon which the name of the country of origin is not placed, has not sufficiently *indicated* the country of origin of his goods, if in order to determine whether he has complied with the statute it is necessary and indispensable to consult geographies, maps, encyclopaedias, or histories.

The same question was involved in *Imperial Linens, Inc.* v. *United States*, T. D. 49188, wherein embroideries were imported from the Madeira Islands and the question involved was whether "Portugal" or "Madeira" was the proper marking. The Madeira Islands belong to Portugal and are governed as an integral part of that country. The court held that the word "Portugal" marked on the immediate containers constituted a legal marking. *Murbas Trading Co.* v. *United States*, *supra*, is controlling also.

We are of opinion that the word "Sicily" found on the paper packages of macaroni in this case when imported is not sufficient to indicate that Italy is the country of origin of the goods. Such a finding is in harmony with that in the decisions above cited. We hold that the merchandise was not legally marked when imported. Therefore it becomes unnecessary to determine whether the Secretary of the Treasury exceeded his authority in the amended regulations promulgated in T. D. 46978. The protest is overruled. Judgment will be entered in favor of the defendant.